ROSENHAIN v. GALLIGAN et al.

(Supreme Court, Appellate Division, First Department. May 1, 1896.)

NEGLIGENCE—QUESTION FOR JURY.

In an action for personal injuries against persons engaged in removing rock from land adjoining a street by means of a derrick, it appeared that the derrick was supported by heavy wire guys, three of which extended over a sidewalk, and one of which, extending in the opposite direction, was fastened to a ledge of rocks by a gudgeon pin; that the derrick was rigged to raise 10 tons of rock at a time; that the operators had taken hold of a piece of rock weighing 2½ tons; that, as they began to lift it, the chain caught in a pile of other rocks, weighing about 75 tons; that the engine was carrying about 60 pounds of steam, and the engineer put on full steam; that the beam of the derrick bent, and the engineer shut off steam; that the stone into which the one guy was fastened was lifted out; that the derrick fell, and pulled one of the guy ropes, extending over the sidewalk, on plaintiff, who was passing, injuring him; and that there was no shed or covering above the sidewalk, and under the guys extending over it. *Held,* that the question whether defendants were guilty of negligence was for the jury.

Appeal from circuit court, New York county.

Action by Henry Rosenhain against Thomas P. Galligan and Thomas P. Galligan, Jr., for personal injuries caused by defendant's negligence. From a judgment entered on the verdict in favor of plaintiff, and from an order denying their motion for a new trial, made on the minutes, defendants appeal. Affirmed.

The action was brought to recover damages for injuries to plaintiff, alleged to have been caused by the negligence of the defendants. The defendants, at the time of the accident, were co-partners in the business of excavating and removing rock and stone, and were engaged in removing rock from the lands on the northerly side of Fifty-Ninth street, between Third and Lexington avenues, in the city of New York. They were using a derrick, located upon the lands, and the derrick was supported by seven heavy wire cables or guys, extending from the top of the derrick to various points around the boundaries of the excavation. Three of these cables or guys extended over and across the northerly sidewalk of Fifty-Ninth street, and were carried down over the tops of posts, and fastened in the roadway of Fifty-Ninth street. One of these cables or guys extended off northerly to the rear of the lots facing upon Sixtieth street, and was fastened into a ledge of rocks by means of a gudgeon pin, placed in a hole drilled in the rock. The derrick was rigged and constructed to raise about 10 tons of rock at a time. At the time of the accident they had taken hold of a piece of rock weighing about 2½ tons, but, as they began to lift the same, the chain about the rock caught in a pile of other rocks, the whole pile weighing about 75 tons. The engine was carrying about 60 pounds of steam, and the engineer put on full steam. They were unable to lift the entire pile. The boom of the derrick bent under the strain. The engineer shut off steam. The derrick swayed, and the stone into which the northerly cable or guy was fastened was lifted completely out of the ledge of rocks. The derrick fell in a southwesterly direction, and pulled one of the cables or guy ropes extending over the sidewalk, down upon the sidewalk. The plaintiff, who was passing along the sidewalk at the time, was struck by this cable or guy, and was injured. There was no shed or covering above the sidewalk, and under the cable or guy. The plaintiff alleged, in his complaint, that the accident and his injuries were caused by the negligence of the defendants and their agents and servants, in and about the charge, care, management, and control of the derrick attachments and supports. At the close of the plaintiff's evidence, and again at the close of all the evidence in the case, the defendants moved for a dismissal of the complaint, on the ground that

there was no proof of defendants' negligence, or the absence of contributory negligence on the part of the plaintiff, to authorize a verdict for plaintiff. These motions were denied, and exceptions were taken by defendants. The case was thereupon submitted to the jury, and they were instructed by the court that they might find the defendants guilty of negligence, under the pleadings and the evidence, upon any one or all of the following grounds: (1) Failure to exercise proper care in fastening and securing the northerly cable or guy in the ledge of rocks, it having given way and permitted the derrick to fall. (2) Failure to exercise proper care in the use of the derrick, putting an undue strain upon it, and thus causing the northerly cable or guy to give way, and the derrick to fall. (3) Failure to erect and maintain a shed or cover over the sidewalk, below the cable or guy that struck and injured the plaintiff. The jury was also instructed as to the question of contributory negligence on the part of the plaintiff in being upon the sidewalk, where he was injured, in view of the dangers of the locality, and such obstructions to travel as were upon and across the sidewalk. The court also instructed the jury that negligence on the part of the defendants could not be found merely from the fact that the accident happened, but it must be proved by direct evidence, or there must be proof of facts from which negligence could be legitimately inferred, and that, in the absence of any proof on the subject of the right of the defendants to occupy the sidewalk, such occupancy was presumed to be lawful. The defendants excepted to the submission to the jury of the question of a failure to erect and maintain a shed or cover over the sidewalk as a ground of negligence, and, at the request of plaintiff, the court expressly charged that it was for the jury to say whether the failure to have such shed or cover was not such negligence as rendered the defendants liable in the action. And to this the defendants also excepted. The jury rendered a verdict for the plaintiff for $1,400. A motion for a new trial was made and denied, and from the judgment entered on the verdict, and from the order denying the motion for a new trial this appeal is taken.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Hamilton Wallis, for appellants.
John M. Bowers and Robert L. Luce, for respondent.

WILLIAMS, J. No question seems to be made by appellants as to the question of contributory negligence. There was sufficient evidence for the jury, and the case was properly submitted, as to the absence of contributory negligence.

The real questions in controversy relate to the alleged negligence of the defendants. It is claimed there was not sufficient evidence in the case to authorize the jury to find the defendants guilty of negligence which caused the injuries to the plaintiff, and that there were errors committed by the court in submitting this question to the jury. It seems to us that there was evidence upon which the jury might find the defendants guilty of negligence upon all or any of the questions suggested by the court. It will be remembered that the plaintiff, when he was injured, was walking along a public street, in a place where he had a legal right to be, and where the defendants had no right to subject him to any unnecessary danger. Assuming that they were carrying on their business, and in doing so were occupying the street to a certain extent, with the consent of the city that they might so use the street, still they were under a legal obligation and duty to the public traveling along the street to exercise care, proportionate to the danger to be apprehended, to protect the public from injury resulting from the use of

their appliances in carrying on such business. They stretched some of the heavy wire cables or guys over the sidewalk, and fastened others in the rocks about the lots. These supported and held in-place the heavy derrick used in raising and removing from the excavation tons of rock at a time. These appliances were certainly dangerous to travelers along the sidewalk where this accident occurred. Many people traveled over that street. The giving way of the cables or guys fastened in the street, or of those fastened in the lots, was liable and likely to injure people who chanced at the time to be passing along this sidewalk. Under such circumstances the defendants were under obligations, and it was their duty towards the traveling public, to exercise care in securing the various cables or guys, so that, in the use of the derrick, they would not give way; and the court submitted the question to the jury whether sufficient care had been exercised in this respect to relieve the defendants from the charge of negligence. One of the cables or guys was fastened in the rock, or ledge of rock, at the northerly side of the excavation, and this cable or guy pulled out at the time of the accident, bringing with it a portion of the rock. Whether sufficient care was exercised originally in selecting the place to fasten this cable, or whether it had been sufficiently examined prior to the time of the accident, so as to discover any defects which may have exhibited themselves prior to the time of the accident, the derrick having been constantly in use for $2\frac{1}{2}$ months, we think, was a proper question for the jury, and was properly submitted to them. It was not necessary that direct evidence should be given of such defects. They did exist at the time of the accident, or the cable or guy would not have pulled out, bringing portions of the rock with it, as it did do. The jury had the right to make legitimate inferences from this fact, and other facts and circumstances disclosed by the evidence; and we cannot say their verdict, if based upon this ground of negligence, was not supported by the evidence in the case.

Then, again, the defendants were under obligation, and it was their duty, to exercise care as to the use made of the derrick, to refrain from attempting to lift and remove at one time too large a weight of stone; and it was a proper subject of inquiry whether, on the occasion of the accident, there was not negligence in this respect on the part of the defendants. They attempted to raise a weight of 75 tons, but could not do it. They could only have raised about 10 tons. They did not intend to raise so large a weight. The chain got caught in a pile of rocks unintentionally. The force applied was so great as to bend the derrick, and, when the force was withdrawn finally, the northern cable or guy pulled out, and, as a result, the derrick fell, and one of the cables or guys stretched over the sidewalk came down upon the plaintiff and caused his injuries. Whether there was negligence in applying and continuing to apply the power to the derrick, when it was, or should have been, discovered that the chain was attached to so large a weight; whether the defendants were not wanting in proper care in the use of the derrick, and the power applied thereto, at the time of the

accident,—was a proper subject of inquiry, and was properly submitted to the jury as a ground of negligence, in view of the evidence in the case; and, if the verdict of the jury was based upon negligence in this respect, we cannot say it was unsupported by the evidence.

The third ground of negligence submitted to the jury was the failure to have a cover or shed, over the northerly sidewalk, and below the cables or guys which were fastened in the street. The jury was permitted to determine whether the defendants did not, in this respect, neglect to perform a duty which they owed to the public, and to the plaintiff, traveling along this sidewalk. We think this was a proper question for the jury, and was properly submitted. The evidence shows the street in question was traveled by a large number of persons, and that there were many persons in the street at the time of the accident. While the court would not have been justified in charging the jury, as a matter of law, that it was the duty of the defendants to have a cover or shed over the walk, it certainly could not be said, as a matter of law, that it was not their duty to have a cover there. It was fairly a question of fact, for the jury to determine, whether, under the circumstances disclosed in this case, that duty existed. It is within our observation that such covers or sheds are frequently built in the city of New York for the protection of the public passing along the sidewalks, where buildings are being constructed or improvements are being made. They certainly are necessary in some cases, and a failure to have them would clearly be negligence. In other cases, they would not be necessary, and a failure to have them would not be negligence. In this case, we think it was a question for the jury, and was properly left to them to be determined. We conclude that the question of the defendants' alleged negligence was properly submitted to the jury, and their determination should not be disturbed by the court.

We have examined the exceptions taken to the charge and requests, and find none of sufficient merit to call for special mention here, or for a reversal of the judgment. The trial court carefully protected the rights of the defendants. The verdict of the jury was not large, and we think the judgment and order appealed from should be affirmed, with costs. All concur.